UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF IRENE RIVERA, *et al*., | Case No. 1:24-cv-01141-KES-CDB |
| Plaintiffs, | ORDER GRANTING MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM OF MINOR R.R. |
| v. | |
| KERN COUNTY SHERIFF'S OFFICE, *et al*., | (Doc. 5) |
| Defendants. | |

Pending before the Court is the motion of minor Plaintiff R.R. to appoint Plaintiff Bertha Rivera as guardian ad litem, filed October 9, 2024.  (Doc. 5).  For the reasons set forth herein, Plaintiffs' motion shall be GRANTED.

**Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a

guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but he or she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

The supporting declaration of Bertha Rivera accompanying the motion sets forth that R.R is one year and three months of age. (Doc. 5 at 6). R.R has no other appointed representative or guardian. *Id.* at 3.[1] A review of the docket confirms that no other motion for appointment of guardian ad litem for R.R. has been filed. The proposed guardian ad litem, Bertha Rivera, is the biological maternal grandmother of R.R. and a plaintiff in this action. *Id.* at 3, 6. Bertha Rivera declares she has no interests adverse to the interests of her minor grandchild. *Id.* at 6. Plaintiffs are suing the Kern County Sheriff's Office, County of Kern, Sheriff Donny Youngblood, and the Kern County Hospital Authority (Doc. 1) and there does not appear to be any conflict of interest among the claims and claimants.

The motion meets the requirements of Local Rule 202(c). Plaintiffs' counsel attest they do not stand in any relationship with Defendants and did not become involved in the motion at any insistence of adverse parties. (Doc. 5 at 4). Counsel also state they are taking this case under contingency at a rate of 33.33% of a settlement or judgment reached prior to the filing of a lawsuit or 40% of a settlement or judgment reached after the filing of a lawsuit. *Id.* at 4-5. Counsel state they recognize that the contingency fee is above the 25% benchmark that courts in the Eastern District typically award for attorneys' fees in contingency cases involving minors. *Id.* Counsel state that the Local Rules only require disclosure of the attorneys' interests at this time, and that there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. *Id.* at 5.

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. Local Rule 202(a).

The Court finds that the standards for the appointment of Bertha Rivera have been met and that she is competent and qualified to serve as guardian ad litem. *See Ramirez Fonua v. Cty. of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *2 (N.D. Cal. Jan. 4, 2022) (appointing legal guardian grandmother as guardian ad litem). Moreover, as the motion notes, there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. *Id.*; *see* E.D. Cal. L.R. 202(b) (requiring Court approval for settlements or compromises of a claim brought by a minor); *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Thus, the Court shall authorize the appointment of Bertha Rivera as guardian ad litem for R.R.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff R.R.'s motion to appoint Plaintiff Bertha Rivera as guardian ad litem (Doc. 5) is GRANTED; and
2. Plaintiff Bertha Rivera is appointed to act as guardian ad litem for Plaintiff R.R. and is authorized to prosecute the action on her behalf.

IT IS SO ORDERED.

Dated:  **October 10, 2024**                    _____
                                                                  UNITED STATES MAGISTRATE JUDGE

4